IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| DAVID HUTCHINSON, Individually and on behalf of all others similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>THOMPSON METAL FAB, INC.,<br><br>*Defendant*. | § § § § § § § § § § § § | Civil Action No. ______________<br><br>JURY TRIAL DEMANDED<br><br>COMPLAINT-CLASS ACTION |

ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff, David Hutchinson, brings this action individually and on behalf of all current and former Wind Technicians ("Plaintiff and the Putative Collective/Class Members") who worked for Thompson Metal Fab, Inc. ("Defendant" or "Thompson Metal"), to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and Washington statutory law, including Washington Minimum Wage Act, REV. CODE WASH. CH. 49.46, *et seq.* ("MWWA"); Washington Wage Rebate Act, REV. CODE. WASH. CH. 49.52, *et seq.* ("WWRA"); and Washington Administrative Code, WASH. ADMIN. CODE § 296-126-092 ("WAC") (collectively, the Washington Acts).



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the additional state law claims are asserted as class actions under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This is a collective action to recover unpaid compensation, liquidated damages, and other applicable penalties brought pursuant to the FLSA and class actions pursuant to the state laws of Washington under FED. R. CIV. PROC. 23 to recover unpaid wages, liquidated damages, and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who have worked for Thompson Metals at any time during the relevant time period(s) and have not been paid for all hours worked, nor the correct amount of overtime in violation of state and federal law.

3. During the relevant time periods, Thompson Metal failed to compensate its employees, Plaintiff and the Putative Collective/Class Members, for hours worked during their purported meal-periods because it employed an automatic 30-minute meal-period deduction without regard to its employees' actual ability to take an uninterrupted meal break.

4. Thompson Metal also employs an improper and non-neutral time rounding policy that, over time, fails to compensate the Plaintiff and Putative Collective/Class Members for all the time they have actually worked—including overtime hours

5. As a result, Thompson Metal's employees were not paid (and remain unpaid) for all hours worked, including overtime hours, in violation of the FLSA and various state laws.



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

6. Thompson Metal knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked and the proper amount of overtime on a routine and regular basis during the relevant time period(s).

7. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Washington state law.

8. Plaintiff and the Putative Collective/Class Members seek to recover liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid wages, liquidated damages, and other damages owed under the state laws of Washington as a class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff prays that all similarly situated hourly metal workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also pray that the Rule 23 class be certified as defined herein, and the Plaintiff designated herein be named the Class Representative of the Washington Class.

## II.
## THE PARTIES

11. Plaintiff, David Hutchinson ("Hutchinson"), is a resident of Washington and was employed by Thompson Metal in Washington during the relevant time periods. Plaintiff Hutchinson did not receive compensation for all hours worked in the time frame required under the FLSA and the state laws of Washington.[1]

---

[1] The written consent of David Hutchinson is attached as Exhibit "A."



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

12. The FLSA Collective Members are those current and former hourly metal workers who were employed by Thompson Metal anywhere in the United States from January 14, 2023, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Hutchinson worked and was paid.

13. The Washington Class Members are those current and former hourly metal workers who were employed by Thompson Metal in Washington, at any time from January 14, 2023, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Hutchinson worked and was paid.

14. Defendant Thompson Metal Fab, Inc. is a foreign for-profit company, that is headquartered in, and licensed to do business in, the State of Washington and may be served through its registered agent for service of process: John B. Rudi, 3000 SE Hidden Way BLDG 40, Vancouver, Washington 98661-8049.

## III.
## JURISDICTION & VENUE

15. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has original jurisdiction over the additional state law claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711–15 ("CAFA") because the amount in controversy exceeds $5,000,000.00 in the aggregate and there is minimal diversity of citizenship between the Parties.

17. This Court also has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

18. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

19. This Court has general personal jurisdiction over Thompson Metal because



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

Washington qualifies as its home state.

20. Venue is proper pursuant to 28 U.S.C. § 1391 in the Western District of Washington because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Additionally, Thompson Metal's principal office is in Vancouver, Washington, which is located within this District and Division.

## IV.
## ADDITIONAL FACTS

22. Thompson Metal is a heavy metal fabrication corporation, operating primarily in the State of Washington.[2]

23. To provide its services, Thompson Metal employed (and continues to employ) numerous hourly metal workers—including Plaintiff and the individuals that make up the putative collective and class.

24. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout Thompson Metal's service locations throughout the United States.

25. Thompson Metal employed Plaintiff Hutchinson as a Fitter from March 2021, through October 2023.

26. During that time, Plaintiff performed services for Thompson Metal in Washington.

---

[2] https://www.tmfab.com/company/



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

27. As hourly metal workers, Plaintiff and the Putative Collective/Class Members were paid an hourly rate and were responsible for working with metal by welding, fitting, grinding, and otherwise shaping metal to fit customer goals.

28. While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work.

29. Importantly, none of the FLSA exemptions relieving a covered employer (such as Thompson Metal) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

30. Thompson Metal scheduled its hourly metal workers to work four (4) days a week, for ten (10) or more hours per day and they typically worked forty (40) hours a week.

31. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of Thompson Metal resulting in the complained of FLSA and state law violations.

32. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties.

33. Plaintiff and the Putative Collective/Class Members are non-exempt employees who were (and are) paid by the hour.

34. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of Thompson Metal resulting in the complained of FLSA and state law violations.



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

## Unpaid Meal Breaks

35. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis and had a meal break automatically deducted from their daily time.

36. Plaintiff and the Putative Collective/Class Members were scheduled to work four (4) days per week, ten (10) hours per day, which equates to forty (40) hours per week—these are referred to as "on-the-clock" hours.

37. In addition to their "on-the-clock" hours, Plaintiff and the Putative Collective/Class Members also worked two hours "off-the-clock" per week and have not been compensated for that time.

38. Thompson Metal has a policy to automatically deduct one 30-minute meal period from Plaintiff and the Putative Collective/Class Members' daily time regardless of whether they perform compensable work during such "breaks."

39. Despite automatically deducting thirty (30) minutes from Plaintiff and Putative Collective/Class Members' time each shift, Plaintiff and the Putative Collective/Class Members did not receive or take a thirty (30) minute meal break.

40. Thompson Metal was (and continues to be) aware that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and relevant state law.

41. Thompson Metal benefitted from Plaintiff and the Putative Collective/Class Members' free labor, as Plaintiff and the Putative Collective/Class Members typically worked throughout their entire shift without taking a break.



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

42. Thompson Metal knew Plaintiff and the Putative Collective/Class Members did not take breaks because Thompson Metal's supervisors observed Plaintiff and the Putative Collective/Class Members work throughout their entire shifts without taking a break.

43. Thompson Metal also knew Plaintiff and the Putative Collective/Class Members did not take breaks because Plaintiff and the Putative Collective/Class Members complained to Thompson Metal that they did not take meal breaks and should have been paid for their time.

44. Thompson Metal's thirty (30) minute meal period deduction resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and applicable state law.

45. Specifically, when Plaintiff and the Putative Collective/Class Members worked three (3) or fewer ten-hour shifts in a week and did not receive a meal break during any shift, Thompson Metal's meal break policy resulted in Plaintiff and the Putative Collective/Class Members not being paid for one and one-half (1.5) hours of compensable straight time work.

46. When Plaintiff and the Putative Collective/Class Members worked four (4) or more ten-hour shifts in a week and did not receive a meal break during any shift, Thompson Metal's meal break policy resulted in Plaintiff and the Putative Collective/Class Members not being paid for two (2) hours of compensable overtime work.

47. As a result of Thompson Metal's failure to compensate Plaintiff and the Putative Collective/Class Members for compensable work performed "off the clock," such as during their unpaid meal breaks, Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and applicable state law.



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

Improper Non-Neutral Rounding Policy

48. Thompson Metal also employs a policy that rounds Plaintiff and the Putative Collective/Class Members' clock in and clock out times to a fifteen-minute increment that favors Thompson Metal.

49. For example, when a Putative Collective/Class Member clocks in at 2:53 p.m., Thompson Metal rounds their time up to 3:00 p.m., resulting in that Putative Collective/Class Member not being paid for the seven (7) minutes of work performed from 2:53 p.m. to 3:00 p.m.

50. To be valid, rounding policies must ensure that, over a period of time, an employee is fully compensated "for all the time they have actually worked." 29 C.F.R.§ 785.48.

51. Thompson Metal's rounding policy is not neutral on its face or in its application because Plaintiff and the Putative Collective/Class Members are told to clock in and clock out during times that are rounded off and they are subject to discipline should they clock in or out during a time that would benefit them.

52. As a result, Plaintiff and the Putative Collective/Class Members clock in and out during time periods that round against them and benefit Thompson Metal.

53. Specifically, Thompson Metal's policy advises employees to clock in up to seven (7) minutes prior to their shift start time (which rounds against them) but can be subject to discipline should they clock in eight (8) or more minutes early (which would round in their favor).

54. Thompson Metal's policy also states that employees are subject to discipline in the form of an occurrence or tardy should they clock in even one (1) minute after their shift starts (which would round in their favor).

55. Similarly, Plaintiff and the Putative Collective/Class Members are advised by Thompson Metal to clock out within seven (7) minutes after the end of their shift (which would



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

round against them) and to not clock out early or more than eight (8) minutes after the end of their shift (which would round in their favor).

56. Read together, Thompson Metal's policy contains a facially non-neutral rounding policy. Employees are encouraged to clock in and out only during times in which their work is rounded against them, thereby benefitting Thompson Metal. Employees are further discouraged from clocking in during times that rounding would benefit them.

57. Thompson Metal's rounding policy is not neutral on its face or in its application and resulted in the failure to compensate Plaintiff and the Putative Collective/Class Members for all compensable overtime hours.

58. Thompson Metal's failure to compensate Plaintiff and the Putative Collective/Class Members overtime compensation at a rate of one and one-half times their regular rates of pay violated (and continues to violate) the FLSA and applicable state law.

59. Thompson Metal knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation at the proper rate in violation of the FLSA.

60. Thompson Metal knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

61. Thompson Metal knew or should have known that not compensating Plaintiff and the Putative Collective/Class Members for all overtime hours worked at the correct rate did cause, and continues to cause, financial injury to Plaintiff and the Putative Collective/Class Members.

62. Because Thompson Metal did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Thompson



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

Metal's pay policies and practices willfully violated (and continue to violate) the FLSA and applicable state law.

63. Because Thompson Metal did not pay Plaintiff and the Putative Collective/Class Members for all straight time worked, Thompson Metal's pay policies and practices violated (and continue to violate) applicable state law.

64. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time, liquidated damages, penalties, and other damages owed pursuant to applicable state law.

## COLLECTIVE ACTION ALLEGATIONS

65. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Thompson Metal's employees who have been similarly situated to Plaintiff with regard to the work they performed, the manner in which they were paid, and their common subjugation to the policies and procedures implemented by Thompson Metal.

66. Other similarly situated employees of Thompson Metal have been victimized by Thompson Metal's patterns, practices, and policies related to the off the clock work policies which are in willful violation of the FLSA.

67. The FLSA Collective Members are defined in Paragraph 87.

68. Thompson Metal's failure to pay Plaintiff and the FLSA Collective Members for all hours worked as required by the FLSA results from Thompson Metal's generally applicable policies and practices and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

69. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

70. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

71. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be timely paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

72. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

73. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Thompson Metal will retain the proceeds of its violations.

74. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

75. Accordingly, the FLSA collective of similarly situated plaintiff should be certified as defined as in Paragraph 87 and notice should be promptly sent.

## WASHINGTON CLASS ALLEGATIONS

76. Plaintiff brings his claims under the Washington Acts as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Thompson Metal to work in Washington since January 14, 2023.

77. Class action treatment of the Washington Class Members is appropriate because, as alleged below, all of the Federal Rule of Civil Procedure 23's class action requisites are satisfied.

78. The number of Washington Class Members is so numerous that joinder of all class members is impracticable.

79. Specifically, the Washington Class is believed to be in excess of one hundred members.



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

80. Plaintiff's claims share common questions of law and fact with the claims of the Washington Class Members.

81. Specifically, Plaintiffs and the Washington Class Members share common questions of law and facts regarding whether they were paid for all hours worked and whether they are entitled to damages under Washington state law.

82. Plaintiff is a member of the Washington Class, his claims are typical of the claims of the other Washington Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the other Washington Class Members.

83. Plaintiff and his counsel will fairly and adequately represent the Washington Class Members and their interests.

84. Class certification is appropriate under the Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

85. Accordingly, the Washington Class should be certified as defined in Paragraph 108.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

### A. FLSA COVERAGE

86. The preceding paragraphs are incorporated as though fully set forth herein.

87. The FLSA Collective is defined as:

> ALL CURRENT AND FORMER HOURLY METAL WORKERS OF THOMPSON METAL FAB, INC. WHO WORKED ANYWHERE IN THE UNITED STATES FROM JANUARY 14, 2023 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

88. At all material times, Plaintiff and the FLSA Collective Members have been employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

89. At all material times, Thompson Metal has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

90. At all material times, Thompson Metal has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

91. Specifically, Thompson Metal provides metal fabrication services across the United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

92. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Thompson Metal, these individuals have provided services for Thompson Metal that involved interstate commerce for purposes of the FLSA.

93. In performing work for Thompson Metal, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

94. Specifically, Plaintiff and the FLSA Collective Members are employees of Thompson Metal who assisted Thompson Metal's clients throughout the United States. 29 U.S.C. § 203(j).

95. At all material times, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 207.

96. The proposed class of similarly situated employees, i.e., putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 87.

97. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Thompson Metal.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

98. Thompson Metal violated provisions of Sections 7, and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA and failing to timely pay them the correct amount of overtime compensation.

99. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Thompson Metal's acts or omissions as described herein; though Thompson Metal is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

100. Moreover, Thompson Metal knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to timely pay Plaintiff and other similarly situated employees for all hours worked.

101. Thompson Metal knew or should have known its pay practices were in violation of the FLSA.



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

102. Thompson Metal is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

103. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Thompson Metal to pay them timely, according to the law.

104. The decision and practice by Thompson Metal to not timely pay for all hours worked, including overtime hours, was neither reasonable nor in good faith.

105. Accordingly, Plaintiff and the FLSA Collective Members are entitled to liquidated damages in an amount equal to that of any wages that were paid after their regularly scheduled pay date and attorneys' fees and costs.

## COUNTS TWO THROUGH FOUR
(Class Action Alleging Violations of the Washington Acts)

106. The preceding paragraphs are incorporated as though fully set forth herein.

107. Plaintiff further brings this action pursuant to Washington wage and hour law, alleging violations of the WMWA, WWRA, and WAC for actions (and inactions) described above.

108. The Washington Class is defined as:

> ALL HOURLY METAL WORKERS WHO WERE EMPLOYED BY THOMPSON METAL FAB, INC., IN THE STATE OF WASHINGTON, AT ANY TIME FROM JANUARY 14, 2023, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Washington Class Members").

109. At all relevant times Thompson Metal has been an "employer" subject to the requirements of the Washington Acts.

110. At all relevant times Thompson Metal employed Plaintiff and the Washington Class Members as "employees" within the meaning of the Washington Acts.

111. Plaintiff and the Washington Class Members have been harmed as a direct and proximate result of Thompson Metal's unlawful conduct because they have been deprived of wages



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

owed for work that they performed and form which Thompson Metal received a direct and substantial benefit.

112. Thompson Metal agreed to pay Plaintiff and the Washington Class Members an hourly rate for all hours worked under and up to forty (40) hours in a workweek, with overtime compensation calculated 1.5 their hourly rate for all hours worked over forty (40).

113. Plaintiff and each Washington Class Member accepted Thompson Metal's offer when they accepted their employment and began working and being paid their agreed hourly rate.

## A. COUNT 2—WMWA VIOLATIONS

114. The Washington Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Thompson Metal pursuant to the WMWA.

115. This unpaid time is compensable under the WMWA because Thompson Metal knew, or should have known, that (1) Plaintiff and the Washington Class Members were performing unpaid work during their "meal breaks" and during the rounded time; (2) they were subject to interruptions with work duties during any attempted meal period; (3) they were not completely relieved of duties during their "meal breaks," (4) the meal period was less than 30 consecutive minutes; (5) they were not free to engage in personal activities during the meal periods because they were required to work through the break; and (6) they were forced to clock in and out at times that would be rounded off.

116. Thus, under Thompson Metal's policies, Plaintiff and the Washington Class Members are denied overtime pay for those short and on-duty "meal breaks" and wholly unpaid time which was rounded off in workweeks in which they worked in excess of forty (40) hours.

## B. COUNT 3—WWRA VIOLATIONS

117. Likewise, Thompson Metal's automatic meal break deduction policy and rounding policy violate the WWRA because Thompson Metal willfully withheld earned wages from Plaintiff



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

and the Washington Class Members (at their agreed hourly rates of pay) for all hours worked in a workweek, including those worked during their unpaid "meal breaks" and time spent completing the required safety certifications.

118. This unpaid time is compensable under the WWRA because Thompson Metal agreed to pay Plaintiff and the Washington Class Members hourly rates of pay for all time they worked, and yet willfully withheld earned wages from these employees for these on-duty "meal breaks" and off duty (but nevertheless required) safety training sessions.

119. Thompson Metal failed to exercise its duty to ensure Plaintiff and the Washington Class Members were completely relieved of duties for a full consecutive 30-minute meal break.

120. Thompson Metal failed to exercise its duty to pay for all hours worked when it required Plaintiff and the Washington Class Members to clock in and out during times that would round off their payable hours.

121. Despite accepting the benefits, Thompson Metal did not pay Plaintiff and the Class Members for their compensable time during the purported "meal breaks" or during their rounded time.

122. Thus, under Thompson Metal's policies, Plaintiff and the Washington Class Members are also denied straight-time pay for those short and on-duty "meal breaks" and wholly unpaid rounded time in workweeks in which they worked fewer than 40 hours.

123. Thompson Metal knowingly, willfully, and in reckless disregard carried out these illegal policies that deprived Plaintiff and the Washington Class Members of wages, including overtime compensation at the proper rate for all hours worked, including those hours worked in excess of forty (40) hours in a workweek, in violation of the WWRA.

C. COUNT 4—WAC VIOLATIONS



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

124. Thompson Metal's failure to provide Plaintiff and the Washington Class Members with *bona fide* meal breaks also violates the WAC.

125. The WAC requires employers, like Thompson Metal, to provide employees, including Plaintiff and the Washington Class Members, meal periods of at least 30 minutes which commence no less than two hours nor more than five hours from the beginning of the employee's shift. *See* WASH. ADMIN. CODE § 296-126-092.

126. The WAC further mandates that meal periods shall be paid when the employee is required by the employer to remain on duty, on the premises, or at a prescribed work site in the interest of the employer(s). *See id.*

127. Throughout the relevant period, Thompson Metal expected and required Plaintiff and the Washington Class Members to be available and perform compensable work during their unpaid meal breaks and failed to ensure that a 30-minute meal period compliant with the WAC's time constraints was provided.

128. The WAC required (and requires) Thompson Metal to ensure that Plaintiff and the Washington Class Members actually received *bona fide* meal periods of at least 30 consecutive minutes during which they were completely relieved of all job duties in violation of the WAC.

129. Thompson Metal knew or should have known that its policies described herein were in violation of the WAC.

## VI.
## RELIEF SOUGHT

130. Plaintiff respectfully prays for judgment against Thompson Metal as follows:

a. For an Order certifying the FLSA Collective as defined in Paragraph 87 and requiring Thompson Metal to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all FLSA Collective Members;



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to Section 16(b) of the FLSA finding Thompson Metal liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order certifying the Washington Class as defined in Paragraph 108 and designating Plaintiff as the Class Representative of the Washington Class;

e. For an Order pursuant to the Washington Acts (including the WMWA, WWRA, and WCA) awarding Plaintiff and the Washington Class Members their statutory damages as allowed by law;

f. For an Order awarding costs and expenses of this action;

g. For an Order awarding attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding Plaintiff a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of Thompson Metal, at Thompson Metal's own expense; and

k. For an Order granting such other and further relief as may be necessary and appropriate.



ANDERSON ALEXANDER PLLC
101N. Shoreline Blvd, Suite 610,
Corpus Christi, Texas 78401
(361) 452-1279

DATED this 21st day of January 2026.

FRANK FREED SUBIT & THOMAS LLP

By: */s/ Michael C. Subit*
Michael C. Subit, WSBA # 29189
705 Second Avenue, Suite 1200
Seattle, WA 98104
Telephone: (206) 682-6711
Fax: (206) 682-0401
Email: msubit@frankfreed.com

ANDERSON ALEXANDER, PLLC

By: Clif Alexander *(Pro Hac Vice Anticipated)*
Texas Bar No. 24064805
Austin Anderson *(Pro Hac Vice Anticipated)*
Texas Bar No. 24045189
101 N. Shoreline Blvd, Suite 610
Corpus Christi, TX 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284
Email: clif@a2xlaw.com
austin@a2xlaw.com

*Attorneys for Plaintiff and Putative Collective/Class Members*